UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LINDA K. BAILEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-cv-91-WGH-DFH |
| | ) | |
| AZTAR INDIANA GAMING CORP. d/b/a | ) | |
| CASINO AZTAR, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION TO DISMISS**

I.  **Introduction**

This matter is before the Court on defendant's Motion to Dismiss Pursuant to Rule 12(B)(1) of the Federal Rules of Civil Procedure filed January 20, 2005. (Docket No. 19).  Plaintiff filed her Response on July 15, 2005 (Docket No. 27), and defendant filed a Reply on August 1, 2005 (Docket No. 28).

II.  **Factual and Procedural Background**

Plaintiff, Linda K. Bailey, was an employee of defendant, Casino Aztar. (Complaint ¶ 4).  On June 22 and 27, 2002, plaintiff sustained injuries including injuries to her left ankle while working on defendant's river boat casino.  (*Id.* ¶¶ 4-5).  At the time of plaintiff's injuries, Casino Aztar was a river boat located on the Ohio river which is a navigable waterway.  (Affidavit of Linda Bailey ("Bailey Affidavit") at 1).  At the time of plaintiff's injuries, Casino Aztar "cruised" along the Ohio River.  (*See* Affidavit of Frank Hobbs ("Hobbs Affidavit") at 3).  Between June

1, 2002, and August 1, 2002, Casino Aztar cruised during 5.25 percent of its scheduled gaming sessions while it remained dockside during the remaining 94.75 percent of its gaming sessions. (*Id.*) Plaintiff claimed that her injuries were sustained while on a boat located on a navigable waterway and were a result of defendant's negligence. (Complaint ¶¶ 4-6). Hence, plaintiff filed her action under the Jones Act. 46 U.S.C. § 688.

Defendant filed a Motion to Dismiss alleging that the Jones Act does not apply to defendant. (Brief in Support of Defendant's Motion to Dismiss at 2-3). However, the motion was accompanied by an affidavit and, therefore, sought the consideration of matters outside the Complaint. Because the Motion to Dismiss requires consideration of matters outside the Complaint, it must be treated as a motion for summary judgment, and for the reasons outlined below, the Court concludes that defendant is not entitled to summary judgment in this instance.[1]

### III.   Legal Standards

When the Court determines that it is necessary to consider matters outside of the complaint, the Court must treat a motion to dismiss as a motion for

---

[1]The Court notes that defendant styled its motion to dismiss as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. However, because the Court still retains jurisdiction over Jones Act cases under the Court's federal question jurisdiction, the Court concludes that defendant's motion is more properly considered a motion to dismiss for failure to state a claim under Rule 12(b)(6).

summary judgment. *See Berthold Types Ltd. v. Adobe Systems Inc.,* 242 F.3d 772, 776 (7th Cir. 2001); FED.R.CIV.P. 12(b). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The motion should be granted so long as no rational fact finder could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, a court's ruling on a motion for summary judgment is akin to that of a directed verdict, as the question essentially for the Court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. When ruling on the motion, the Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor. *Id.* at 255. If the nonmoving party bears the burden of proof on an issue at trial, that party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *see also Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999). Lastly, the moving party need not positively disprove the nonmovant's case; rather, it may prevail by establishing the lack of evidentiary support for that case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

### IV.  Analysis

The Jones Act was enacted by Congress in 1920 to provide any "seaman" who is injured in the course of their employment with a federal negligence claim. 46 U.S.C. § 688(a).  The Supreme Court has indicated that the intent of Congress, in enacting the Jones Act, was to provide seamen with heightened legal protection in recognition of their exposure to the "perils of the sea."  *Chandris, Inc. v. Latsis,* 515 U.S. 347, 368, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995).  In the absence of a legislative definition of "seaman," the courts have been left to define that term.  The Supreme Court has determined that two criteria must be met for an individual to qualify as a seaman.  First, the employee's duties must either contribute to the function of the vessel or to the accomplishment of its mission.  Second, "a maritime employee must have a substantial employment-related connection to a vessel in navigation."  *Id.* at 373.  In this instance, there is no dispute that plaintiff met the first of the two criteria, as plaintiff certainly contributed to the accomplishment of the river boat's mission:  gambling.  Thus, the only question is whether plaintiff's relationship with Casino Aztar amounted to connection to a vessel *in navigation.*

Defendant argues that, in light of the United States Court of Appeals for the Seventh Circuit's decision in *Howard v. Southern Illinois Riverboat Casino Cruises, Inc.*, Casino Aztar was not a vessel in navigation.  The Seventh Circuit in *Howard* held that an indefinitely moored dockside casino is not a vessel in navigation. *Howard,* 364 F.3d 854, 857 (7th Cir. 2004).  Defendant suggests that, in this case, the Jones Act does not apply because the Casino Aztar was moored to the

dock on the dates of plaintiff's injuries and because the purpose of the boat was to provide a venue for gambling and not to transport passengers. (Brief in Support of Defendant's Motion to Dismiss at 1).

The Seventh Circuit has faced the question of whether or not a river boat casino is a vessel in navigation. *See Weaver v. Hollywood Casino-Aurora, Inc.,* 255 F.3d 379 (7th Cir. 2001). In *Weaver,* the Seventh Circuit stated that "[i]f the riverboat casino were a traditional craft navigating in navigable waters, it would presumably be a vessel and the Jones Act would apply." *Id.* at 388. The Seventh Circuit in *Weaver* rejected the defendant's argument that a river boat casino is not a traditional craft because its purpose is gambling and not transporting people. The defendant had argued that the only reason it traveled along a river was in order to comply with Illinois law that required gambling boats to do so. *Id.* The Seventh Circuit determined that, even though defendant's river boat casino only traveled along the river because it was statutorily required to do so, the river boat was still a traditional craft. *Id.* Thus, defendant's argument in this case that it only traveled along the Ohio River to comply with Indiana law is inconsistent with this circuit's prior holding.

Additionally, the Court rejects defendant's argument that the Casino Aztar should not be considered in navigation because it was moored at the time of plaintiff's injuries. The Supreme Court has specifically stated that "it is generally accepted that 'a vessel does not cease to be a vessel when she is not voyaging, but is at anchor, berthed, or at dockside. . . .'" *Chandris,* 515 U.S. at 373-74 (quoting *DiGiovanni v. Traylor Bros., Inc.,* 959 F.2d 1119, 1121 (1st Cir. 1992)(en banc)).

"A vessel is in navigation when it returns from voyage and is taken to a drydock or shipyard to undergo repairs in preparation to making another trip, and likewise a vessel is in navigation, although moored to a dock, if it remains in readiness for another voyage."  *Chandris,* 515 U.S. at 374.  In this case, the Casino Aztar cruised along the Ohio River, a navigable waterway, during 5.25 percent of its scheduled gaming sessions.  (Hobbs Dep. at 3).  It, therefore, constantly remained in readiness for another voyage, and it did not cease to be a vessel simply because it was dockside at the time of plaintiff's injuries.

### V.     Conclusion

For the reasons outlined above, defendant's Motion to Dismiss for failure to state a claim is **DENIED**.

**SO ORDERED.**

Dated:   08/10/2005

　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM G. HUSSMANN, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge

**Electronic copies to:**

Charles L. Berger
BERGER & BERGER
cberger@bergerlaw.com

David A. Guerrettaz
ZIEMER STAYMAN WEITZEL & SHOULDERS
dguerrettaz@zsws.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com